NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

VINCENZO DIMORA, PETITIONER, v. AMERICAN CEMENT
TILE MANUFACTURING COMPANY, RESPONDENT.

For the petitioner, *Edwin J. O'Brien.*

For the respondent, *Clarence B. Tippett.*

\*         \*         \*         \*         \*         \*         \*

After giving due and careful deliberation and consideration to the testimony produced by the petitioner and by the respondent, I am induced to the conclusion that the petitioner has failed to show compliance with the mandatory provisions of the Workmen's Compensation statute, namely, that he failed to give notice to the employer's requirements called for under sections 15 and 16 of the statute.

It appears from the testimony that the petitioner was a man about sixty-two years of age, had been employed by the respondent for some considerable time, and on October 25th, 1927, is claimed to have fallen while lifting or carrying tile, striking his back and right hip. He had a co-worker assisting him at the time. It appears he contended he left the premises, went home and never reported to the employer or any of the officials of the plant of his alleged accident until somewhere after the first of February, 1928, when his daughter then reported to the company office.

In the meantime, the testimony shows that he called in Dr. Hird, who saw him on or about October 25th or 26th, 1927. The doctor did not again see him until sometime in

738

January, 1928, at which time the petitioner contended his disabilities had become very severe and that he had sustained a fracture. The original diagnosis of the doctor was a tentative one of rheumatism, but when an X-ray was taken in January, 1928, it was discovered the man suffered from a transverse fracture through the surgical neck of the left femur. Without further comment on the evidence of accidental injury, extent of injury, or the disability which the petitioner may have suffered, the fact remains that the proof on the question of notice of accidental injury given to the employer is lacking within the specific requirements of the statute. The employer disclaimed knowledge of occurrence of the alleged injury. It was shown that the petitioner did not himself at any time report to the employer. His son, who also was employed at the plant, did not report to the employer that his father was injured. The daughter of the petitioner did not report on behalf of her father until on or after February 1st, 1928. These facts are clearly shown without any possibility of uncertainty or doubt.

Therefore, inasmuch as the employer is conclusively shown not to have received or obtained knowledge or notice within ninety days after the occurrence of the injury, no compensation can be allowed.

\*　　\*　　\*　　.　\*　　\*　　\*　　\*

CHARLES E. CORBIN,
*Deputy Commissioner*